IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF ROLF D. BREWSTER, a person with a disability,[1]

§
§
§ No. 254, 2025
§
§ Court Below—Court of Chancery
§ of the State of Delaware
§
§ C.M. No. CM20694-N
§

Submitted: July 25, 2025
Decided: August 8, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On September 24, 2024, Christiana Care Health Systems filed a petition in the Court of Chancery seeking appointment of a guardian of the person and property of "Rolf D. Brewster" under Title 12, Chapter 39 of the Delaware Code. The court appointed an attorney ad litem for Brewster. Brewster's wife ("Wife") objected to the petition.

---

[1] The Court has assigned a pseudonym in this appeal in a guardianship matter.

(2)     After an evidentiary hearing on May 23, 2025, at which Wife was represented by counsel,[2] the Senior Magistrate issued an oral final report finding that Brewster is a person with a disability and that the Office of the Public Guardian should be appointed as guardian of Brewster's person and property. The Senior Magistrate stated that exceptions could be filed under Court of Chancery Rule 144. No exceptions were filed within the time permitted by Rule 144. On June 4, 2025, the Senior Magistrate entered an order appointing the Office of the Public Guardian as Brewster's guardian (the "Guardianship Order").

(3)     On June 13, 2025, Wife filed a document in this Court that was deemed to be a notice of appeal from the Guardianship Order. The Clerk's office issued a notice directing Wife to show cause why this appeal "should not be dismissed for lack of jurisdiction because this is not an **uncontested** civil miscellaneous matter in which Court of Chancery Rule 144(c)(2)(B) applies and the Chancellor or a Vice Chancellor has not entered a final order." In response to the notice to show cause, Wife sets forth her claims of error but does not address the jurisdictional issue. The Court directed the petitioner (Christiana Care) and the attorney ad litem to respond. The attorney ad litem states that counsel "do[es] not believe [Wife] has standing, nor the Court jurisdiction, for an appeal" and that "such appeal [is] inappropriate" under

---

[2] A few days after the hearing, Wife's counsel filed a motion to withdraw, indicating that Wife had requested counsel to withdraw because Wife wanted to move forward in a self-represented capacity. The senior magistrate granted the motion on May 30, 2025.

Court of Chancery Rule 144, but indicates that addressing those questions "goes beyond [counsel's] position" as attorney ad litem. Christiana Care did not respond.

(4) This Court traditionally has not heard appeals from magistrates' reports—rather, even when no exceptions were filed, the Chancellor or a Vice Chancellor was required to enter an order adopting the report before an appeal could be taken.[3] Moreover, this Court "has long held that substantive challenges to a Magistrate's final report that are not raised in exceptions under Court of Chancery Rule 144 are not preserved for review on appeal to this Court."[4]

(5) In 2024, the Court of Chancery amended the rules governing exceptions to magistrate's reports. Court of Chancery Rule 144(c)(2) now provides the following as to taking exceptions to a magistrate's final report:

(A) *Exceptions in a Civil Action Other Than on the Civil Miscellaneous Docket.* A party may take exceptions to any Report only after entry of the Final Report. If no party timely files a notice of exceptions after entry of a Final Report, then the Chancellor will adopt the Final Report and all prior Reports as orders of the Court. If a party timely files a notice of exceptions to a Final Report or any prior Report,

---

[3] *See, e.g.*, *Theerachanon v. FIA Cards Servs.*, 2024 WL 2073629, at *1 (Del. May 8, 2024) ("In the absence of a stipulation by the parties to submit their dispute to a Magistrate for final decision under 10 *Del. C.* § 350 or an order by the Court of Chancery adopting the Magistrate's final report under Court of Chancery Rule 144(c), this Court lacks jurisdiction to hear an appeal from a Magistrate's order."); *see also* DEL. CT. CH. R. 144(c) (effective July 18, 2023, to Dec. 8, 2024) ("Any party may take exception to a final report or a draft report. . . . Exceptions to a final report shall be heard by the Court. . . . If a notice of exception to a final report is not timely filed, then the parties shall be deemed to have stipulated to the approval and entry of the report as an order of the Court."); *Appleby Apartments LP v. Appleby Apartments Assocs., L.P.*, 2024 WL 851809, at *2 (Del. Feb. 29, 2024) (stating that Rule 144(c) was "not self-executing," but required the court to enter an order adopting a magistrate's final report before there was a "final, appealable order").
[4] *Cowan v. Furlow*, 2024 WL 4362264, at *2 (Del. Sept. 30, 2024).

3

then the Chancellor will assign a Reviewing Judge to hear the exceptions.

> (B) *Exceptions in an Action on the Civil Miscellaneous Docket.* In an action on the civil miscellaneous docket, a party may take exceptions to any Report following the issuance of such Report. The schedule for such exceptions is governed by Rule 144(d)(4). If no party timely files a notice of exceptions after entry of a Report granting an uncontested petition, the Report shall be deemed adopted in its entirety as an order of the Court, and shall have the same effect as though issued by a Chancellor or Vice Chancellor, as of the date it was issued by the Magistrate in Chancery, nunc pro tunc.
>
> . . . .[5]

Thus, the amendment eliminated the requirement that the Chancellor or a Vice Chancellor enter an adopting order after a magistrate grants an uncontested petition on the civil miscellaneous docket—in such a case, the magistrate's report now is "deemed adopted in its entirety as an order of the Court."[6]

(6) But there is a gap in Rule 144(c) as to *contested* actions on the civil miscellaneous docket. This case falls into that gap, because Wife contested the guardianship petition—she filed a Notice of Objection to Guardianship Petition on the Court of Chancery's form, contesting the need for a guardian.[7] We are reluctant

---

[5] DEL. CT. CH. R. 144(c)(2) (effective Dec. 9, 2024, to present). Court of Chancery Rule 144(d)(4) similarly distinguishes between contested and uncontested petitions when establishing the deadlines for exceptions in matters on the civil miscellaneous docket. *See id.* R.144(d)(4) ("A party taking exceptions to a Report entered in an action on the Civil Miscellaneous Docket must file a notice of exceptions within 11 days of a Report or Draft Report, except that a party taking exceptions to a Report or Draft Report addressing an uncontested petition, or for which the Magistrate in Chancery has expedited exceptions, must file a notice of exceptions within three days of the Report or Draft Report and proceed under Rule 144(d)(2).").

[6] *Id.* § 144(c)(2)(B).

[7] Wife also indicated that she would like to be considered as a guardian if the Court determined that a guardian was necessary, but did not file a cross-petition for guardianship as instructed on the form. *See* Chancery Docket Entry No. 6.

to determine the effect of that gap in a trial court rule on this Court's appellate jurisdiction in the absence of meaningful input from the litigants addressing the jurisdictional issue. But we need not do so in this case, because even assuming that this Court has jurisdiction, by failing to file exceptions to the Senior Magistrate's final report, Wife did not preserve the issues of which she seeks review.[8] Thus, whether characterized as dismissal for lack of jurisdiction or affirmance because the appellant failed to preserve any issues that could result in reversal of the Court of Chancery's order, we conclude that further proceedings in this appeal will not alter the result.

(7) After Wife filed this appeal, Brewster's daughter filed a petition seeking to remove the Office of the Public Guardian and appoint Brewster's daughter as guardian. The Senior Magistrate stayed the petition pending (i) the resolution of the notice to show cause in this Court, and (ii) the current guardian's filing of a status report as required by the Guardianship Order. As further proceedings in this appeal will not alter the result and the pending appeal is inhibiting further proceedings in the Court of Chancery, we conclude that the matter should be remanded without further briefing.

---

[8] *Cowan*, 2024 WL 4362264, at *2.

NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Court of Chancery for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice